# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SANDRA ANN SUTTER F/K/A
SANDRA SUTTER CROSS,

    Plaintiff,

v.

MASS MUTUAL FINANCIAL GROUP, *et al.*,

    Defendants.

Case No. 2:10-CV-02065-KJD-PAL

**ORDER**

    Before the Court is the Motion to Dismiss (#19) of Defendant Massachusetts Mutual Life Insurance Company and MML Investor Services, Inc. ("Defendants").  Plaintiff responded (#23) and Defendants replied (#25).  Also before the Court is Plaintiff's Motion to Clarify Plaintiffs (sic) Facts in Complaint and Motion to Dismiss (#24) and Defendants' Response (#26).

I.  Background

    According to the Complaint, Plaintiff was employed by Defendants as an Agency Supervisory Officer until she was terminated on or about July 24, 2008.  The pertinent facts in Plaintiff's complaint are as follows.  Shortly after Defendant James C. Wenzl was installed as her manager Plaintiff was terminated.  Plaintiff claims that she was forced to sign a letter of resignation to prevent her from receiving unemployment benefits.  Plaintiff claims that this was part of a plan to by Wenzl and another employee to terminate her.  About a year later, a former coworker sent a series of

insulting text messages regarding Plaintiff.  Plaintiff now seeks damages for employment discrimination based on national origin, sex, retaliation, and sexual harassment.

II.  Motion to Clarify

As an initial matter, the Court addresses Plaintiff's Motion to Clarify Plaintiffs (sic) Facts in Complaint and Motion to Dismiss (#24).  The wording of the original complaint created some confusion about the year the text messages were sent by Plaintiff's former coworker.  Defendants are aware of and have responded to the clarification.  The Court recognizes Plaintiff's assertion that the correct year is 2009.

III.  Standard of Law for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

The Court must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, pro se litigants must supply a minimum factual basis for the claims they assert against defendants. Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

IV.  Analysis

    A.  Employment Discrimination Based on National Origin

In order to establish a *prima facie* case of discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). A plaintiff is not required to establish a *prima facie* case for discrimination at the pleading stage. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511 (2002). However, the complaint must state facts showing that the pleader is entitled to relief. Twombly, 550 U.S. at 555.

Here, Plaintiff does not state facts showing that she was a victim of employment discrimination based on her national origin. She makes no claim of any kind that her race was a factor in her termination apart from simply stating her opinion that her civil rights were violated. Plaintiff's claim for employment discrimination based on national origin fails.

    B.  Sex Discrimination

To establish a *prima facie* case of gender discrimination, a plaintiff must either provide direct evidence of discrimination or meet the four-part McDonnell Douglas test discussed previously. See

1  e.g. Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003).  While the plaintiff is not
2  required to allege specific facts supporting each element of the *prima facie* showing, she must
3  include in her complaint facts that indicate a plausible claim for gender discrimination.  See
4  Twombly, 550 U.S. at 545.

5  Plaintiff has failed to plead facts that could plausibly support a gender discrimination claim.
6  Plaintiff does not suggest any direct evidence of discrimination and does not allege sufficient facts to
7  establish that her gender was the cause of an adverse employment action.  Plaintiff conclusorily
8  claims that her working conditions were "less equal" because of her sex.  The only facts supporting
9  this claim are the assertions that her successor's workload is less than hers and that her predecessor
10 was paid $10,000 more than she was.  But Plaintiff notes that the difference in workload is explained
11 by the departure of the most productive salespeople from the business and she fails to provide any
12 indication that the pay disparity was based on gender.  Without more facts, the complaint fails to
13 state a cognizable claim for gender discrimination.  Plaintiff's claim for gender discrimination fails.

14  C.  Retaliation

15  In order for the Court to have subject matter jurisdiction over a Title VII claim, a plaintiff
16 must exhaust her administrative remedies.  See B.K.B. v. Maui Police Department, 276 F.3d
17 1091,1099 (9th Cir. 2002). To exhaust administrative remedies, a plaintiff must timely file a charge
18 with the EEOC, or with the appropriate state agency, "thereby affording the agency an opportunity to
19 investigate the charge." Id.  In a Title VII action, the district court has jurisdiction to hear claims that
20 are "like or reasonably related," to the allegations made in the underlying administrative charge.
21 Sosa v. Hiraoka, 920 F.2d 1451, 1456-57 (9th Cir. 1990).  A "Title VII complaint that asserts claims
22 beyond the scope of the underlying administrative charge is subject to dismissal." Devereaux v. East
23 Bay Conservation Corp., 1998 WL 917798, at *1 (N.D. Cal. 1998).

24  Plaintiff's Nevada Equal Rights Commission Charge of Discrimination contains no allegation
25 of retaliation or any like or reasonably related claims. Plaintiff's claim for retaliation is beyond the
26

scope of the Charge and the Court has no jurisdiction to hear this claim. Accordingly, this claim is dismissed.

### D. Sexual Harassment

Title VII of the 1964 Civil Rights Act prohibits discrimination on the basis of sex, which includes sexual harassment in the form of a hostile work environment. 42 U.S.C. § 2000e-2(a)(1); Meritor Sav. Bank, FSB, v. Vinson, 477 U.S. 57 (1986). To establish a *prima facie* claim for a hostile work environment sexual harassment claim, a plaintiff must be able to show that she: (1) was subjected to verbal or physical conduct of a sexual nature, (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. See E.E.O.C. v. Prospect Airport Servs., Inc., 621 F.3d 991, 997 (9th Cir. 2010)(citing Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995)). Plaintiffs must show that the work environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile and one that the victim in fact did perceive to be so." Id. (quoting Nichols v. Azteca Restaurant Enterprises, Inc., 256 F.3d 864, 871-72 (9th Cir. 2001). The pleadings need not contain specific facts establishing each element of the *prima facie* showing, but the complaint must include facts that indicate a plausible claim for hostile work environment sexual harassment. See Twombly, 550 U.S. at 545.

Plaintiff's only evidence supporting the existence of a hostile work environment is a series of text messages sent on July 15, 2009. Plaintiff was terminated on July 24, 2008. The text messages she alleges created the hostile environment could not have altered the condition of Plaintiff's employment since her employment had been terminated nearly a year before they were sent. Plaintiff has not pled facts that can support her hostile work environment claim. Plaintiff's claim for sexual harassment fails.

### V. Conclusion

Plaintiff's has moved to clarify the date which certain text messages were sent. This clarification has been recognized by the Court and the parties. Plaintiff's complaint fails to state

claims for employment discrimination based on national origin, sex discrimination, and sexual harassment and the Court lacks jurisdiction over Plaintiff's retaliation claim.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Clarify Plaintiffs (sic) Facts in Complaint and Motion to Dismiss (#24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (#19) of Defendant Massachusetts Mutual Life Insurance Company and MML Investor Services, Inc. is **GRANTED**.

DATED this 6th day of July 2011.

_____
Kent J. Dawson
United States District Judge